USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE COOPER,

               Petitioner,

-against-

THOMAS GRIFFIN,

               Respondent.

16-CV-0629 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Petitioner Jermaine Cooper, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in New York State Supreme Court, New York County, for robbery in the first degree, criminal possession of a weapon in the third degree, menacing in the second degree, and petit larceny. *See* Pet., Dkt. 1. On February 11, 2019, Magistrate Judge Barbara Moses issued a Report and Recommendation ("R&R") recommending that the Petition be denied in its entirety. *See* R&R, Dkt. 18. No party submitted objections to the R&R. For the following reasons, the R&R is ADOPTED in full. The Petition is DENIED.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made by either party, "a district court need only find that there is no clear error on the face of the record in order to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of

1

the [magistrate's] report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))). Failure to file timely objections to the magistrate's report constitutes a waiver of those objections both within the district court and on appeal. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Court finds no clear error in Judge Moses's R&R. Even assuming that Petitioner's claims were not procedurally barred and that the Court were required to review those claims *de novo*, the claims would fail on the merits. *See* R&R at 19–25. Petitioner offers no reason why a subpoena for video surveillance footage would have made any difference in his trial, given that numerous witnesses testified that such footage did not exist. *See id.* at 20–21. Further, Petitioner's claim that his attorney should have subpoenaed cell-phone and GPS records rests on speculation regarding what those records would have contained, *see* R&R at 21, a showing that is not sufficient to establish ineffective assistance of counsel, *see, e.g.*, *Eisemann v. Herbert*, 401 F.3d 102, 109 (2d Cir. 2005). In any event, even if the cell-phone and GPS records contained evidence favorable to Petitioner, Petitioner has not shown a substantial likelihood that the verdict would have been different had these items been received into evidence, given the overwhelming evidence adduced against Petitioner at trial, *see* R&R at 1–4.

As to Petitioner's claim that his attorney should have moved for a mistrial or a continuance based on the People's failure to call a video custodian, the Court finds no clear error in Judge Moses's determination that this decision did not constitute deficient performance or cause Petitioner prejudice. *See id.* at 22–23. Indeed, given the number of witnesses who

testified about the unavailability of video surveillance footage, *see id.* at 5–6, this witness would likely have been cumulative.

Finally, as to Petitioner's claim of ineffective assistance of appellate counsel, the Court finds no clear error in Judge Moses's determination that Petitioner's appellate counsel was not ineffective for failing to argue ineffective assistance of trial counsel, given that Petitioner's claim for ineffective assistance of trial counsel is meritless. *See id.* at 23–25.

## CONCLUSION

For all the foregoing reasons, this Court ADOPTS the R&R in its entirety. The Petition is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam). In addition, because the R&R gave the parties adequate warning, *see* R&R at 26, the parties' failure to file written objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner, to note mailing on the docket, to terminate all open motions, and to CLOSE the case.

**SO ORDERED.**

Dated:  **March 4, 2019**
          **New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**